# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------------X
BULLION TRADING LLC,                                Index No.
                          Plaintiff,
                                                    **SUMMONS**
        -against-
                                                    Plaintiff selects
J.P. MORGAN CHASE BANK, N.A.                        Rockland County based
                          Defendants.               on Plaintiff's residence.

-----------------------------------------------------------------------X

To the above named Defendants:

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      Monsey, New York
            June 19, 2025

                                                    By: /s/
                                                    Jared M. Viders, Esq.
                                                    Attorney for Plaintiff
                                                    441 Route 306
                                                    Suite 6
                                                    Monsey, New York 10952
                                                    (845) 558-8971
                                                    jmviders@gmail.com

TO:  Defendants J.P. Morgan Chase Bank, N.A.
     28 Liberty Street
     New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------X
BULLION TRADING LLC,                                        Index No.
                                    Plaintiff,

    -against-
                                                            **COMPLAINT**

J.P. MORGAN CHASE BANK, N.A.,
                                    Defendants.
-------------------------------------------------------------------X

Plaintiff, BULLION TRADING LLC ("Bullion Trading" or "Plaintiff"), by its attorneys, alleges, upon personal knowledge as to its own acts and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1. Bullion Trading is a well-established precious-metals business headquartered in New York.

2. Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant") has repeatedly and unjustifiably blocked or reversed legitimate inbound wire transfers from its accountholders to Bullion Trading's business account at Waterfall Bank (the "Waterfall Account").

3. Without any lawful basis, Defendant's employees or representatives have labeled Bullion Trading as "fraudulent" or "scam"-related when communicating with Plaintiff's customers, thereby causing significant financial losses, business disruption, and reputational harm.

4. Despite Bullion Trading's good-faith efforts—i.e., contacting Chase Executive Offices, filing regulatory complaints with the Office of the Comptroller of the Currency ("OCC") and the Consumer Financial Protection Bureau ("CFPB"), and seeking an amicable resolution—Defendant's improper conduct has continued unabated.

5. As a direct result of Defendant's actions, Bullion Trading has suffered damages in an amount exceeding FIVE HUNDRED THOUSAND DOLLARS ($500,000) and now seeks relief through this Court.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under New York law because Defendant conducts substantial business within the State of New York, and the acts alleged herein occurred within New York County.

7. Venue is proper in New York County pursuant to CPLR § 503, as Plaintiff's principal place of business is in New York County and a substantial part of the events giving rise to this claim occurred here.

## PARTIES

8. Plaintiff Bullion Trading LLC is a New York limited liability company, maintaining its principal office in New York County. It engages in the legitimate business of buying and selling precious metals, including gold coins and bars, to various customers nationwide.

9. Defendant JPMorgan Chase Bank, N.A. is a national banking association with a principal place of business at 28 Liberty Street New York, NY 10005 and/or 270 Park Avenue, New York, NY 10017, conducting extensive retail and commercial banking operations throughout New York State.

## FACTUAL BACKGROUND

10. Bullion Trading maintains a business bank account at Waterfall Bank. Many of Bullion Trading's customers, including those who bank with Chase, routinely send wire transfers in payment for precious-metals purchases.

11. Over the past year (and continuing into 2025), Plaintiff has documented multiple incidents in which Chase has:

12. Prevented or reversed legitimate wire transfers from its accountholders intended for Bullion Trading's Waterfall Account; and/or

13. Advised certain would-be senders that Bullion Trading is "fraudulent" or operating a "scam"; and/or

14. Summarily refused to process inbound payments absent any substantiated evidence of fraud.

15. Plaintiff repeatedly contacted Chase's Executive Office contacts (including a representative identified as "Tania") in or around early 2025, complaining of the ongoing wire-blocking issue and the mislabeling of Bullion Trading as fraudulent.

16. Plaintiff filed formal complaints with the OCC (including Case No. CS0322127 and Case No. CS0368480) and the CFPB (Case No. 250515-20817057), seeking intervention. These regulatory efforts did not rectify the problem, as Chase responded by referencing a previously closed Bullion Trading account (entirely different from the Waterfall Account) and declining to address the root issue of blocking inbound wires.

17. In at least one instance, a near-certain precious-metals sale was lost because the Chase customer—falsely informed that Bullion Trading might be "fraudulent"—refused to proceed or sought another supplier.

18. Other customers remained willing to purchase but were forced to use alternative payment methods (e.g., cashier's checks), causing delays, additional administrative burdens, and lost opportunities for Plaintiff.

19. As a direct and proximate result of Defendant's actions, Bullion Trading has suffered damage to its operations, lost revenue, reputational harm, and substantial economic losses, estimated at no less than $500,000.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
(Wrongful Refusal to Execute Valid Payment Orders / Lack of Good Faith under UCC Article 4A Principles)

20. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

21. Under Article 4A of the Uniform Commercial Code ("UCC"), a receiving bank processing wire transfers has a duty to act in accordance with the sender's valid payment orders, provided those orders are properly authorized, funded, and do not violate reasonable security procedures or legal restrictions.

22. Defendant Chase, acting as the originating bank for customers attempting to

pay Bullion Trading, repeatedly refused to process or unilaterally reversed legitimate transfers to Plaintiff's Waterfall Account, despite no credible evidence of fraud or wrongdoing.

23. Defendant's automatic or deliberate blocking of these valid payment orders, coupled with baseless fraud accusations, constitutes an unjustified breach of its obligations under commercially reasonable standards and the duty of good faith imposed by UCC Article 4A.

24. As a direct and proximate result, Plaintiff sustained financial injury through lost sales, harmed business relationships, and reputational damage. Plaintiff seeks damages in an amount to be determined at trial, but no less than $500,000.

## SECOND CAUSE OF ACTION
(Business Disparagement / Trade Libel)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

26. Defendant, by labeling Bullion Trading a "fraudulent" or "scam" business, published false and injurious statements to Plaintiff's existing or prospective customers, who are third parties.

27. These statements were false, as Plaintiff is a lawful, diligently operated business with a record of legitimate sales and satisfied clients.

28. Defendant's actions and statements were made negligently, recklessly, or with actual malice, knowing or having reason to know their falsity, and were intended to discourage or prevent those third parties from completing transactions with Plaintiff.

29. As a direct and proximate result, Plaintiff suffered substantial business losses including lost profits, disrupted sales, and damage to its professional reputation.

30. Plaintiff is entitled to compensatory damages in an amount to be determined at trial but no less than $500,000, plus any appropriate punitive damages to deter similar conduct in the future.

## THIRD CAUSE OF ACTION
(Tortious Interference with Business Relationships)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32. Plaintiff has valid business relationships and ongoing sales with multiple customers, including those who hold Chase accounts.

33. Defendant knew or should have known of these relationships, as it received or reviewed their payment instructions intending to transfer funds to Bullion Trading.

34. Without lawful justification, Defendant intentionally interfered with those relationships by refusing to execute customers' instructions, falsely branding Plaintiff's business as fraudulent, and thereby causing some customers to abandon or postpone transactions.

35. This interference was not motivated by legitimate fraud concerns or any other proper interest; instead, it was based on baseless allegations and an apparent disregard for Plaintiff's rights.

36. As a direct result, Plaintiff has lost profits, experienced a significant disruption of ongoing business, and suffered reputational injury, for which it seeks damages not less than $500,000.

## FOURTH CAUSE OF ACTION
(Violation of New York General Business Law § 349 – Unfair or Deceptive Acts)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38. New York General Business Law ("GBL") § 349 prohibits deceptive acts or practices in the conduct of business, trade, or commerce.

39. Defendant's repeated mislabeling of Plaintiff's legitimate business as fraudulent, along with blocking legitimate wires to Plaintiff's account without valid reason, constitutes a deceptive practice that affects the public interest.

40. These acts caused substantial injury not only to Plaintiff but also to any Chase customers misled about the legitimacy of Plaintiff's business.

41. Defendant's conduct causes harm that is neither reasonably avoidable by Plaintiff—who cannot force Chase to honor its own customers' payment orders—nor outweighed by any countervailing benefit to consumers or competition.

42. As a direct and proximate result, Plaintiff is entitled under GBL § 349 to injunctive relief, compensatory damages, and potentially treble damages, in an amount to be proven at trial but not less than $500,000, plus reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
(Request for Injunctive Relief – Preliminary and Permanent)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

44. Unless Defendant is preliminarily and permanently enjoined, it will continue to refuse to execute or complete legitimate payments, to the detriment of Plaintiff's ongoing business.

45. The harm to Plaintiff's operations, reputation, and customer relationships is immediate and irreparable, and monetary damages alone cannot fully remedy this ongoing harm.

46. Equitable relief is warranted to: a) Require Defendant to cease labeling Plaintiff as fraudulent or scam-related without valid evidence; b) Prohibit Defendant from blocking or reversing legitimate inbound wires to Plaintiff's account absent credible and substantiated reasons, consistent with commercial reasonableness and good-faith practices under the UCC.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Bullion Trading LLC demands judgment against Defendant JPMorgan Chase Bank, N.A. as follows:

A. Awarding compensatory damages on each of the above Causes of Action in

an amount to be determined at trial, but in no event less than FIVE HUNDRED THOUSAND DOLLARS ($500,000), together with interest, costs, and disbursements;

B. Enjoining Defendant from further blocking or reversing Plaintiff's legitimate inbound wire transfers in the absence of good faith, commercially reasonable justification;

C. Enjoining Defendant from making false, defamatory, or disparaging statements to any third party regarding Plaintiff's legitimacy or business practices;

D. Awarding punitive or exemplary damages in an amount sufficient to punish Defendant's intentional and malicious misconduct, where applicable;

E. Awarding Plaintiff reasonable attorneys' fees and expenses where allowed by law; and

F. Granting such other and further relief as the Court deems just and proper.

DATED: June 19, 2025

Jared M. Viders, Esq.
441 Route 306, Suite 6
Monsey, NY 10952
(845) 558-8971
jmviders@gmail.com

To: J.P. Morgan Chase Bank, N.A.
28 Liberty Street, New York, NY 10005